## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORNWALL BRIDGE POTTERY, INC., : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> SHEFFIELD POTTERY, INC., : <br>     Defendant. : | 3:07cv1154 (WWE) |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this multi-count complaint, plaintiff Cornwall Bridge Pottery alleges that defendant Sheffield Pottery caused it damage due to the materials that it supplied for plaintiff's pottery business. Plaintiff asserts the following nine counts: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) breach of the implied warranty that the goods be fit for a particular purpose; (4) negligence; (5) breach of contract; (6) fraud; (7) negligent misrepresentation; (8) nondisclosure; and (9) Connecticut Unfair Trade Practices Act ("CUTPA"). Defendant has filed a motion to dismiss the claims of negligence, breach of contract, fraud, negligent misrepresentation, nondisclosure, and CUTPA.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

Cornwall Bridge Pottery is a pottery business owned and operated by Todd Piker. For many years, defendant Sheffield Pottery provided Cornwall with products including clay and grog[1] mixtures that are essential to the pottery industry.

---

[1] Grog is an inert material typically mixed with clay to inhibit shrinkage of pottery, which occurs during the drying and subsequent firing of a clay mixture. When mixed with clay, grog also provides structural stability to pottery.

On April 1, 2006, Cornwall placed an order with Sheffield for a specific mixture of clay and other materials to use in crafting pottery. Sheffield agreed to mix the clay and grog mixture that Cornwall had requested. Although Sheffield represented that it had used Christy Mineral 20M Brick Grog, which is appropriate for Cornwall's use, Sheffield had actually mixed the clay with a different grog that was unsuitable to Cornwall's needs.

Subsequently, Cornwall used the product received from Sheffield to produce more than 1,400 pots. After completion of bisque and glaze firings, each pot thrown with Sheffield's product exhibited flaws, including bumps that rendered the otherwise finished pots unsellable.

In spring 2007, Cornwall confirmed that Sheffield's unauthorized substitution of the grog ingredient was the root cause of the flaws on the pots. Prior to that time, Sheffield would not cooperate with Cornwall in determining the cause of the pottery flaws.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those

2

contexts where such amplification is needed to render the claim plausible. Iqbel v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Economic Loss Doctrine

Defendant argues that the economic loss doctrine bars plaintiff's tort claims of negligence, fraud, negligent misrepresentation, nondisclosure and CUTPA (counts four, six, seven, eight and nine). "The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic." ODP, LLC v. Shelterlogic, LLC, 2007 WL 4801436, *2 (Conn. Super.) Connecticut superior courts have applied the economic loss doctrine to bar tort claims arising from disputes between sophisticated parties when the same conduct underlies the tort and contractual claims causes of action. Panolam Indust. Inter., Inc. v. Neste Resins Corp., 2005 WL 925661, *3 (D.Conn.); American Progressive Health & Life Ins. Co. v. Better Benefits, LLC, 2007 WL 1207313 (Conn. Super.).

Plaintiff attempts to characterize the allegations as stating a claim for a services contract based on defendant's mixing of the product. Courts determine whether a contract is one for the sale of material or for services by considering the dominant factor or essence of the transaction. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 747 (2d Cir. 1998). This factual inquiry requiring consideration of the "main objective sought to be accomplished by the contracting parties" is ill suited to a ruling on a motion to dismiss. See Alstom Power, Inc. v. Schwing America, Inc., 2006 WL 2642412, *3 (D.Conn.) Accordingly, the Court will leave plaintiff to its proof.

3

However, even assuming that the sale of the defective mixture of clay and grog to CBP represents the basis of plaintiff's claims, the Court finds that plaintiff's tort claims may well fall within an exception to the economic loss doctrine where a party sustains damages to property other than that subject to the contract at issue. See Mountain W. Helicopter, LLC v. Kaman Aerospace Corp., 310 F.Supp.2d 459, 466 (D.Conn. 2004). In its brief, CBP asserts that it sustained damages to the glaze that it applies to its pots prior to firing. However, the complaint alleges only that CBP "may" apply a glaze to its pots, and it does not mention the glaze in its enumeration of damages sustained. However, the allegations indicate that glaze firings had been performed and the pots were otherwise saleable except for the flaws. The Court instructs plaintiff to replead the complaint to clarify that it suffered loss of its glaze.

### Uniform Commercial Code ("UCC")

Defendant argues that plaintiff, a commercial party, is limited to the remedies provided under the UCC for commercial loss resulting from a defective product.

Connecticut General Statutes section 52-572n provides:

> As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under and shall be governed by, title 42a, the Uniform Commercial Code.

The merits of defendant's argument depends upon whether the contract at issue is one for services or for a sale of goods. Again, this determination requires a factual inquiry more appropriate for summary judgment. The Court will deny the motion to dismiss on this basis.

Fraud

Defendant complains that plaintiff's claim of fraud is not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).

In order to satisfy Rule 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions were fraudulent. <u>Antian v. Coutts Bank (Switzerland) Ltd.</u>, 193 F.3d 85, 88 (2d Cir. 1999). Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. <u>Shields v. Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: (1) to ensure that a complaint provides defendant with fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit. <u>O'Brien v. Nat'l Prop. Analysts Partners</u>, 936 F.2d 674, 676 (2d Cir. 1991).

In this instance, the Court finds that the allegations of the complaint are specific to representations concerning one transaction known to both parties. Accordingly, plaintiff has satisfied Rule 9(b).

CUTPA

Defendant argues further that plaintiff's CUTPA claim should be dismissed. Specifically, defendant maintains that plaintiff alleges a mere breach of contract, which does not alone constitute an actionable CUTPA claim.

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any

trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

Here, plaintiff alleges that defendant provided it with an unsuitable product when it altered the agreed upon grog and clay mixture. Defendant asserts that plaintiff's claim lacks any aggravating circumstances to sustain a CUTPA claim. However, plaintiff has stated allegations that could constitute unscrupulous conduct that could cause substantial injury to consumers, competitors or other businesses. In light of the Court's obligation to construe the facts in favor of plaintiff, the Court will deny the motion to dismiss the CUTPA claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #21] is DENIED. However, plaintiff is instructed to amend the complaint within ten days of this ruling to clarify that it is claiming damages relative to the glaze.


_____/s/_____
Warren W. Eginton, Senior U.S District Judge


Dated this __2d_ day of April, at Bridgeport, Connecticut.